IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| GerVaise S. Guyton, | ) | No.  18-04704 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

You are hereby notified that on November 30, 2018, at 9:30 a.m., or as soon after as I may be heard, I will appear before the Honorable Janet S. Baer or any other Judge who may be presiding in her place and stead at the Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL 60134 and I will then and there present the attached: **US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC'S MOTION TO ANNUL THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO MODIFY THE AUTOMATIC STAY AS TO 12500 ARBOR DRIVE, UNIT 1601, ALSIP ILLINOIS REGARDING PIN 24-26-312-009-1057**

BY:/s/Paul M. Bach
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

## PROOF OF SERVICE

I, PAUL M. BACH certify that I served this notice and attached motion upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Northbrook, IL 60062 all on November 21, 2018.

/s/Paul M. Bach

SERVICE LIST

**GerVaise S. Guyton**  **BY FIRST CLASS US MAIL**
1110 N. Farnsworth Ave.
Apt. 105
Aurora, IL 60505

**David M Siegel**  **BY ECF ELECTRONIC DELIVERY**
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

**Glenn B Stearns**  **BY ECF ELECTRONIC DELIVERY**
801 Warrenville Road Suite 650
Lisle, IL 60532

**Patrick S Layng**  **BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**Dawn L. Moody**  **BY ECF ELECTRONIC DELIVERY**
Keough and Moody, P.C.
114 E. Van Buren
Naperville, IL 60540

**Timothy R Yueill**  **BY ECF ELECTRONIC DELIVERY**
Law Offices of Ira T. Nevel
175 N. Franklin
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| GerVaise S. Guyton, | ) | No.  18-04704 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

**US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC'S MOTION TO ANNUL THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO MODIFY THE AUTOMATIC STAY AS TO 12500 ARBOR DRIVE, UNIT 1601, ALSIP ILLINOIS REGARDING PIN 24-26-312-009-1057**

NOW COMES, US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC, by its attorney, Paul M. Bach of Bach Law Offices, Inc. and pursuant to 11 U.S.C. § 362(d)(1), hereby moves (the "Motion") to annul the automatic stay or in the alternative to modify the automatic stay as to the real property located at 12500 Arbor Drive, Unit 601, Alsip, Illinois regarding PIN 24-26-312-009-1057 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on February 21, 2018.

2. The Debtor listed on Schedule A of his Bankruptcy Schedules an ownership interest in the real estate commonly known as12500 Arbor Drive, Unit 601, Alsip, Illinois regarding PIN 24-26-312-009-1057.  However, as detailed below the Debtor did not list either movant on Schedule D of his Bankruptcy Schedules (and as a result no notice was provided) nor provide in the confirmed Chapter 13 Plan for Movant.

**The Tax Sale**

3. The real property in question is located at 12500 Arbor Drive, Unit 601, Alsip, Illinois regarding PIN 24-26-312-009-1057 (the "Property").

4. Prior to the Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to Cook County for the Property for the 2013 tax year in the amount of $1,797.10 (the "2013 Taxes").

5. On August 4, 2015, US Bank as Custodian for PFS Financial 1, LLC purchased the delinquent 2013 Taxes at the Cook County Collector's annual tax sale (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale. A copy of the Certificate is included in Exhibit A.

6. The amount of the Tax sale was $2,394.58, which includes statutory interest on the 2013 Taxes and selling fees.

7. Upon purchasing the 2013 Taxes, US Bank as Custodian for PFS Financial, LLC would have obtained a tax lien secured by the Property if proper notice was provided by the Debtor. See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

8. Prior to this bankruptcy filing, the Debtor also failed to pay the first and second installments of property taxes for tax years 2013, 2014, 2015 (collectively, the "Subsequent Taxes"). US Bank as Custodian for PFS Financial, LLC paid the Subsequent Taxes in accordance with the Property Tax Code. The 2016 Taxes (Both Installments) and 2017 Taxes (Both Installments) have not been paid and total $9,835.14.

9. Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in

the Property was entitled to redeem the 2013 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by US Bank as Custodian for PFS Financial, LLC plus interest and various costs and fees at any time (the "Tax Claim") until two and a half years from the date of the initial tax sale, or by February 12, 2018 (the "Redemption Period"). Pine Valley One Real Estate, LLC extended the Redemption Period until July 16, 2018, pursuant to 35 ILCS 200/21-385.

10. Pursuant to 35 ILCS 200/22-30, on February 2, 2018, US Bank as Custodian for PFS Financial, LLC filed a Petition for tax deed in the Circuit Court of Cook County which was identified as case number 2018 CoTD 1353 (the "State Court Action"). Thereafter, and pursuant to 35 ILCS 200/22-15, US Bank as Custodian for PFS Financial, LLC timely provided notice of the expiration date of the Redemption Period to the Debtor and all persons with an interest in the Property. Copies of the Petition for Tax Deed and the Application for an Order for the County Clerk to Issue a Tax Deed (which attaches the statutory notices and proof of service) are attached hereto as Exhibits.

11. Neither the Debtor nor any other party timely exercised its respective right to redeem the 2013 Taxes.

12. On August 15, 2018, US Bank as Custodian for PFS Financial, LLC filed a Petition asking the Cook County Circuit Court to issue an Order Directing the County Clerk to Issue Tax Deed. A copy of the Petition for the County Clerk to Issue a Tax Deed is attached as an Exhibit. A Prove Up of the Petition was held in Cook County Circuit Court on October 10, 2018. Less than week ago, an attempt was made to pay the 2016 (both installments) and 2017 (Both Installments) which is necessary to have the Circuit Court issue the Order

directing issuance of a Tax Deed.  At that time, the Movant was informed of this Bankruptcy Case.

13. Notice of the Bankruptcy Case was not received until the last week.

**The Bankruptcy Case**

14. As stated above, on February 21, 2017, the Debtor filed the above-captioned chapter 13 case (the "Case").

15. This is the Debtor's third bankruptcy case since 2016 (Prior cases are 17-09335 and 16-38570).  None of these cases ever gave notice to Movant and in all three cases the Debtor as represented by the same attorney.  Based on these facts, the Chapter 13 Trustee had previously filed a Motion to Dismiss and to Bar the Debtor in this case (Docket 25).  The Debtor had a Stay imposed in this case without service on Movant (Docket 20).

16. The Debtor did not provide notice to Movant of the claims bar date or chapter 13 plan.  See [Dkt. Nos. 11, 12, 28, 29, 49 & 50].

17. On September 7, 2018, the Court entered an order [Dkt. No. 51] confirming (the "Confirmation Order") the Debtor's Modified Chapter 13 Plan [Dkt. No. 49] (the "Plan").

18. The Plan and Confirmation Order do not mention Movant.

19. Movant has never received a single payment from the Debtor, or any other party, in payment of the Tax Claim.  Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired.   See  35 ILCS 200/22-40(a).

20. Therefore, as the Redemption Period and no notice of this proceeding had been provided, Movant proceeded to take the steps to obtain and record a tax deed.

**Argument**

21. The Court should grant Movant annulment from the automatic stay as annulment is the proper remedy based on lack of notice.

22. Tax purchasers like Movant hold a lien on the debtor's real property and are considered secured creditors in bankruptcy. *Lamont*, 740 F.3d at 404 (holding that purchasers of delinquent taxes hold tax liens under Illinois law). A chapter 13 plan must provide secured creditors "the value, as of the effective date of the plan, of property to be distributed under the plan" in an amount "not less than the allowed amount of such claim," including interest if the claim is paid over time. 11 U.S.C. § 1325(a)(5)(B);

23. If a confirmed plan does not "provide for" a secured claim, however, the creditor may obtain relief from the automatic stay (including annulment) to enforce its lien for "cause" under 11 U.S.C. § 362(d)(1). *In re Stuart*, 402 B.R. 111, 123–24 (Bankr. E.D. Pa. 2009) ("If a confirmed plan does not 'provide for' a secured claim, the holder of the claim ordinarily is entitled to obtain relief from the automatic stay for cause under 11 U.S.C. § 362(d)."); *In re Zimmerman*, 276 B.R. 598, 603 (Bankr. C.D. Ill. 2001) ("Where not "provided for," a creditor's lien passes through Chapter 13 unaffected and the creditor may proceed to foreclose the lien on the collateral after bankruptcy, or earlier upon obtaining stay relief."); Collier on Bankruptcy ¶ 1325.06[1][b] (16th ed.) ("The holders of allowed secured claims not provided for by the plan may seek appropriate relief from the automatic stay in furtherance of any contractual or other remedies available against the chapter13 debtor or their collateral.").

24. In this case, the Plan does not "provide for" the secured Tax Claim. The Plan makes no provision or reference to Movant, and Movant has never received any payment on the Tax

Claim from the chapter 13 trustee, the Debtor or any other party. Nothing in the Plan mentions Movant. Even the Debtor's bankruptcy schedules are devoid of any reference to Movant. As such, Movant's lien in the Property survived.

25. In any event, the Debtor failed to give Movant notice of the bankruptcy case, claims bar date or plan confirmation. If a debtor fails to notify a secured creditor of the bankruptcy, the creditor is not bound by the confirmed plan. *In re Stassi*, No. 09-71563, 2009 WL 3785570, at *3 (Bankr. C.D. Ill. Nov. 12, 2009) ("Where notice to the creditor is inadequate, secured property . . . will remain subject to the unavoided lien rather than vesting 'free and clear' as permitted by § 1327."); see *In re Penrod*, 50 F.3d 459, 463 (7th Cir. 1995) (holding that lien may only be extinguished if creditor "participated" in reorganization); *In re Kewanee Boiler Corp.,* 198 B.R. 519, 534 (Bankr. N.D. Ill. 1996) ("Procedural due process and requirements of meaningful notice are indeed a limitation on what possible 'claims' may be controlled by a confirmed plan in bankruptcy."). Therefore, even if the Plan had "provided for" the Tax Claim, the Plan would not have been binding on Movant, and Movant would still be entitled to annulment from the automatic stay for "cause." *Zimmerman*, 276 B.R. at 603.

26. Judge Wedoff stated in *In re Bates,* 270 B.R. 455, 467 (Bankr.N.D.Ill.2001):

However, § 362(d) of the Bankruptcy Code allows annulment of the automatic stay for cause, and under this provision, it is recognized that courts may grant retroactive relief from the stay on equitable grounds. *National Environmental Waste Corp. v. City of Riverside (In re National Environmental Waste Corp.),* 129 F.3d 1052, 1054-55 (9th Cir.1997). In particular, annulment is appropriate where the creditor who took action in violation of the stay had no knowledge of the bankruptcy and would be unfairly prejudiced by stay enforcement. *See In re Lipuma,* 167 B.R. 522, 526 (Bankr.N.D.Ill.1994). The circumstances involving the application for issuance of a tax deed in this case plainly support stay annulment.

27. Judge Black also stated in *In re Wilson*, 536 B.R. 218, 223-24 (Bankr.N.D.Ill.2015) as to annulling the Automatic Stay:

Principles of equity support the granting of retroactive relief from the automatic stay whenever a creditor without actual knowledge of the stay would be unfairly prejudiced if the debtor could raise the stay as a defense. *In re Lipuma,* 167 B.R. 522, 525 (Bankr.N.D.Ill.1994) ; *In re Confidential Investigative Consultants, Inc.,* 178 B.R. 739, 751 (Bankr.N.D.Ill.1995). Courts have used a variety of factors to determine whether "cause" exists to retroactively annul the automatic stay. These factors include:

(1) whether creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the automatic stay;

(2) whether the debtor acted in bad faith;

(3) whether there is equity in the property of the estate;

(4) whether the property is necessary for an effective reorganization;

(5) whether grounds for relief from stay existed, such that a motion for stay relief, if filed, would likely have been granted prior to the automatic stay violation;

(6) whether failure to grant retroactive relief will cause unnecessary expense to the creditor;

(7) whether the creditor has detrimentally changed its position on the basis of the action taken

(8) whether the creditor took some affirmative action post-petition to bring about violation of stay;

(9) whether the creditor promptly seeks retroactive lifting of stay and approval of action taken;

(10) whether issues in the case involve only state law, so that expertise of the bankruptcy court is unnecessary;

(11) whether modifying stay will promote judicial economy and whether there will be greater interference with the bankruptcy case if the stay is not lifted because matters will have to be litigated in bankruptcy court;

(12) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court;

(13) the number of bankruptcy filings by the debtor;

(14) extent of any prejudice, including to a bona fide purchaser;

(15) the debtor's compliance with the Bankruptcy Code;

(16) how quickly the creditor moved for annulment; and

(17) how quickly the debtor moved to set sale aside[.]

*In re Wapotish,* No. 07 B 71218, 2009 WL 1916965, at *2 (Bankr.N.D.Ill. July 2, 2009) (collecting authority). "This list is not exhaustive and, in any case, one factor may outweigh the others as to be dispositive." *Id* . (citation omitted).

28. In this case, the factors are in favor of annulment as follows:

a. One: *Whether creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the automatic stay*: This Factor is favor of Movant as Movant had no knowledge of the automatic stay or of the bankruptcy cases until after the last week;

b. Two: *Whether the debtor acted in bad faith:* This factor is in favor of the Movant as Movant was not provided for by the confirmed Chapter 13 Plan and no notice of this Bankruptcy Case was provided to Movant until the last week and this is the third case which movant was not provided notice;

c. Three: *Whether there is equity in the property of the estate:* This factor is neutral as the value of the real estate has not been determined;

d. Four: *Whether the property is necessary for an effective reorganization*: This factor is in favor of Movant. The Debtor does not reside in the real estate as the address on the Petition does not match the address of this real property;

e. Five: *Whether grounds for relief from stay existed, such that a motion for stay relief, if filed, would likely have been granted prior to the automatic stay violation*: This factor is in favor of Movant. Stay Relief would have been appropriate as the proposed Chapter 13 Plan did not provide for Movant and for cause based on 11 USC 362(d)(1);

f. Six: W*hether failure to grant retroactive relief will cause unnecessary expense to the creditor*: This factor is in favor of Movant. Additional actions including litigation in this court will cause large additional expenses to movant;

g. Seven: *Whether the creditor has detrimentally changed its position on the basis of the action taken*: This factor is in favor of Movant. Movant has expended resources in proceeding to obtain a Tax Deed;

h. Eight: *Whether the creditor took some affirmative action post-petition to bring about violation of stay*: This factor is in favor of Movant. No notice was provided so Movant would not have known to obtain stay relief;

i. Nine: *Whether the creditor promptly seeks retroactive lifting of stay and approval of action taken*: This factor is in favor of Movant. The Movant found counsel and filed this Motion within approximately a week;

j. Ten: *Whether issues in the case involve only state law, so that expertise of the bankruptcy court is unnecessary*: This factor is in favor of Movant. The State Court has already has a prove up for the issuance of the tax deed so the expertise of the bankruptcy court is not necessary;

k. Eleven: *Whether modifying stay will promote judicial economy and whether there will be greater interference with the bankruptcy case if the stay is not lifted because matters will have to be litigated in bankruptcy court*: This factor is in favor of Movant. This action will end for the real estate the bankruptcy court's need to take any action. There will be no interference;

l. Twelve: *Whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court*: This factor is in favor of Movant. There is no action that is necessary for enforcement in the bankruptcy court after this court annuls the automatic stay;

    m. Thirteen: *The number of bankruptcy filings by the debtor*: This factor is in favor of Movant. Debtor has had three prior cases none of which have noticed Movant;

    n. Fourteen: *Extent of any prejudice, including to a bona fide purchaser*: This factor is in favor of Movant. There is prejudice to Movant in having to file this Motion when no notice is provided;

    o. Fifteen: *The debtor's compliance with the Bankruptcy Code*: This factor is in favor of movant as Debtor has not complied with the Bankruptcy Code by the failure to give notice and not providing for Movant among other items;

    p. Sixteen: *How quickly the creditor moved for annulment*; This factor is in favor of Movant as the Movant moved for relief in this Court within a week; and

    q. Seventeen: *How quickly the debtor moved to set sale aside*: This factor is in favor of Movant as the Debtor has never moved to set aside the Tax Sale which occurred in 2015.

29. "Cause" exists to grant Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to continue to prosecute the State Court Action and obtain a deed to the Property.

    WHEREFORE, US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC, respectfully requests that the Court: (i) grant US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC annulment from the automatic stay for "cause"; (ii) in the alternative grant US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC relief from the stay for "cause" and (ii) grant such other just

and appropriate relief.

        Respectfully Submitted,
US BANK AS CUSTODIAN FOR PFS FINANCIAL 1 LLC AND WH CHICAGO LLC

BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808