**IN THE UNITED STATES BANKRUPTCY COURT**
*FOR THE NORTHERN DISTRICT OF ILLINOIS*
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: GERVAISE S GUYTON   ) | | 18 B 04704 |
| ) | | |
| ) | | |
| Debtor(s)   ) | | Judge Janet S Baer |

### NOTICE OF MOTION AND CERTIFICATE OF SERVICE

GerVaise S Guyton
1110 N Farnsworth Ave, #105
Aurora, IL 60505

David S Siegel & Assoc.
790 Chaddick Drive
Wheeling, IL 60090

Please take notice that on January 4, 2019, at 10:00 AM, a representative of this office shall appear before the Honorable Janet S Baer or any other Bankruptcy Judge who may preside in his place and stead, at the Kane County Courthouse, 100 S Third Street, Room 240, Geneva, Illinois and present this motion.

I certify that this office caused a copy of this notice to be delivered to the above listed debtor by depositing it in the U.S. Mail on December 17, 2018.

                                                /s/ Carolyn A Suzzi
                                                For Glenn Stearns, Trustee

_____

### MOTION TO DISMISS WITH A BAR FOR 180 DAYS

Now Comes Glenn Stearns, Chapter 13 Trustee, requesting dismissal of the above case with a 180 Day Bar to Refiling pursuant to 11 U.S.C. Sections 1307(c) and 349(a) and in support thereof, states the following:

1. On February 21, 2018, the debtor filed a petition under Chapter 13.
2. On March 23, 2018, an order was entered granting the Motion to Impose the Automatic Stay; debtor was unable to go on Payroll control since she is self employed.
3. The debtor's plan was confirmed on September 7, 2018.
4. The debtor has not made a plan payment since the case was confirmed.

5. The debtor is in default $4,500.00 which is three months plan payments.
6. The debtor's last payment was $2,075.00 received on September 13, 2018.
7. This is the debtor's 3rd Chapter 13 bankruptcy case filed in the last 3 years.
8. The Debtor's filing history follows:

| 16B38570 | 12/07/2016 | Dismissed 2/23/17 W/O Conf for default, no amendments, provide Current Market Analysis and proof of income |
| 17B09335 | 03/24/2017 | Dismissed 12/1/17 W/O Conf for default |
| 18B04704 | 02/21/2018 | Current Case |

9. The Debtor has engaged in a pattern of serial filing for the sole purpose of delaying, hindering and defrauding her creditors.
10. The conduct of the Debtor constitutes a pattern of abuse which warrants dismissal with a bar to refiling.
11. The Debtor's filing her third case in less than 2 years demonstrates that the Debtor has filed this case in bad faith.
12. Section 349(a) allows a bankruptcy court to bar future filings if cause exists to do so.  In re Standfield, 152 B.R. 528 (Bankr. N.D. Ill 1993),   In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill 1996).
13. Section 105(a) permits a bankruptcy court to enter any Order necessary to carry out the provisions of the code or to prevent an abuse of the process, including dismissal of a cae with a bar on refiling exceeding 180 days.  In re McKissie, 103 B.R. 189 (Bankr. N.D. Ill 1989).  In re Gros, Jr, 173 B.R. 774 (Bankr. M.D. Fla. 1994).  In re Stathatos, 163 B.R. 83 (N.D. Tex. 1993).  In re Doss, 133 B.R. 108 (Bankr. N.D. Ohio 1991).

WHEREFORE, the Trustee prays that this case be dismissed for cause pursuant to Section 1307(c) and the Debtor barred from filing any other bankruptcy case for 180 days pursuant to Sections 105(a), 109(g) and 349(a), and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee


/s/ Carolyn A Suzzi
By:   Carolyn A Suzzi


Glenn Stearns, Chapter 13 Trustee
801 Warrenville Rd  #650
Lisle, IL 60532-4350
(630) 981-3888